**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

CHARLES JOHN MCCARTY,

     Defendant - Appellant.

No. 99-8097
(D.C. No. 97-CV-99)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

Mr. Charles J. McCarty, an inmate appearing pro se, seeks to appeal from

the denial of his 28 U.S.C. § 2255 habeas petition.  Mr. McCarty was convicted

on five charges of federal firearms violations and was sentenced to 71 months

imprisonment.  His sentence was affirmed on direct appeal.  United States v.

McCarty, 82 F.3d 943 (10th Cir. 1996).  The district court denied his habeas

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G).  The cause is therefore ordered submitted without oral argument.

petition.

Mr. McCarty raises two issues on appeal. First, he claims that the district court erred in denying his request for an evidentiary hearing on his ineffective assistance of counsel claim. "We review the district court's denial of an evidentiary hearing for abuse of discretion." Johnson v. Gibson, 169 F.3d 1239, 1253 (10th Cir. 1999). Only under the most liberal of interpretations is it possible to read Mr. McCarty's habeas petition as raising an ineffective assistance of counsel claim. See R. doc. 1. In fact, ineffective assistance is not raised until Mr. McCarty's reply to the government's habeas response. See R. doc. 10 (challenging denial of motion for a new trial based on ineffective assistance). The district court denied Mr. McCarty's ineffective assistance claim for failure to state facts supporting the claim and for failure to allege prejudice. See R. doc. 21, at 5-6. There was no abuse of discretion in the denial of an evidentiary hearing.

Second, Mr. McCarty claims that the district court erred in sentencing him under the 1995 version of the Guidelines, rather than the 1991 version. There is no evidence that Mr. McCarty was sentenced under either version. In fact, his direct appeal suggests that Mr. McCarty was properly sentenced under "the 1993 version." See McCarty, 82 F.3d at 950 n.1. However, this issue was not raised on direct appeal or before the district court on habeas. We will not address this

claim for the first time on appeal.  See Moore v. Gibson, 195 F.3d 1152, 1181 (10th Cir. 1999).

We DENY a certificate of appealability, DENY the motion to supplement the record, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge